**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                )
GILBERT ROMAN,                  )
                                )
          Plaintiff,            )
                                )
v.                              ) Civil No. 12-1381 (EGS)
                                )
DEPARTMENT OF THE AIR FORCE,    )
                                )
          Defendant.            )
_____)


<u>**MEMORANDUM OPINION**</u>

_Pro se_ plaintiff, Gilbert Roman, filed a complaint on

August 20, 2012, seeking a court order requiring defendant, the

Department of the Air Force, to properly respond to his requests

for information, pursuant to the Freedom of Information Act

("FOIA"), 5 U.S.C. § 552 (2012).[1]  Compl. at 1, Docket No. 1.

     Pending before the Court are:  (1) Defendant's Motion to

Dismiss, or, in the Alternative, for Summary Judgment (Docket

No. 7), Plaintiff's Opposition thereto (Docket No. 12), and

Defendant's Reply (Docket No. 17); (2) Plaintiff's Motion to

Release Paperwork and Enter New Evidence (Docket No. 10), and

Defendant's Response (Docket No. 11); and (3) Plaintiff's

_____

[1] Plaintiff filed another case, _Roman v. National Reconnaissance Office_, Case No. 12-1370, also resolved by the Court this same day.  The two cases involve different FOIA requests to different agencies.

Motions to Enter New Evidence (Docket Nos. 6, 13-16, 21), and
Defendant's Oppositions thereto (Docket Nos. 17-20).

As a preliminary matter, Plaintiff's motions to enter new
evidence into the record are **GRANTED**.  Upon consideration of
Defendant's motion, the opposition and reply thereto, the entire
record in this case, the applicable law, and for reasons set
forth below, the Court concludes that Plaintiff failed to
exhaust his administrative remedies regarding one of the two
FOIA requests at issue.  Accordingly, his complaint is **DISMISSED**
as to that FOIA request.  The Court further concludes that the
government is entitled to summary judgment with respect to the
remaining FOIA request because its search was reasonable and
adequate.  Accordingly, Defendant's motion for summary judgment
is **GRANTED.**  In light of the foregoing, Plaintiff's pending
Motion to Release Paperwork is **DENIED** as moot.

I.   **BACKGROUND**

A.   **August 14, 2011 FOIA Request**

On August 14, 2011, Plaintiff requested information
concerning the Air Force's High-Frequency Active Auroral
Research Program ("HAARP").  Compl., Ex. A.  HAARP is a program
that studies the "upper atmospheric and solar-terrestrial
physics and Radio Science."  Compl., Ex. B.  Specifically,
Plaintiff requested: "1. All locations of HAARP research
facilities.  All locations of active HAARP devices; either on

2

land, sea, space or air.  2. All dates and times that a HAARP device has and been tested or used."  Compl., Ex. A.

On September 2, 2011, Defendant confirmed receipt of Plaintiff's August 14, 2011 request and forwarded the request to the Communications Division of the Kirtland Air Force Base in New Mexico ("Kirtland AFB") for response.  Compl., Ex. C5; Declaration of Elizabeth A. Toth ("Toth Decl.") ¶¶ 1, 4, Ex. 2. Plaintiff's FOIA request was assigned case number 2011-06493-F. Compl., Ex. C5; Toth Decl. ¶ 4, Ex. 2.

On September 7, 2011, the Kirtland AFB acknowledged receipt of Plaintiff's August 14, 2011 request.  Toth Decl. ¶ 4, Ex. 3. On September 22, 2011, the Alternate FOIA Manager at Kirtland AFB, Elizabeth Toth, responded by email to Plaintiff's August 14, 2011 request advising Plaintiff that the requested information was "fully releasable" and attached responsive documents.  Toth Decl. ¶ 5, Ex. 4.  Ms. Toth sent Plaintiff information about the HAARP facility in Gakona, Alaska, with a "HAARP fact sheet" created by Dr. Craig Selcher, the HAARP Program Manager, addressing Plaintiff's request.  *Id.*  On September 26, 2011, Ms. Toth resent its original response to Plaintiff by email in a different format, per Plaintiff's request.  *Id.*

Plaintiff appealed the decision on September 28, 2011 claiming:  "I have seen budget reports that show over 23 HAARP

research facilities and/or devices around the US and beyond.  So
[s]omeone has not searched the proper files."  Toth Decl. ¶ 6,
Ex. 5.  On October 28, 2011, Defendant acknowledged receipt of
Plaintiff's appeal and assigned it case number 2012-00009-A.
Compl., Ex. C7.  After receipt of the appeal, Dr. Selcher, the
HAARP Program Manager, conducted an additional search through
the paper records to determine if more than one HAARP facility
existed and concluded that none did.  Toth Decl. ¶ 7.  As such,
Defendant denied the appeal on July 23, 2012, advising Plaintiff
that there is only one HAARP facility, and of his right to a
judicial review of its determination.  Compl., Ex. C1;  Toth
Decl. ¶ 8, Ex. 6.

Another division of the Department of the Air Force, the
Air Force Historical Research Agency ("AFHRA"), also responded
to Plaintiff's August 14, 2011 FOIA request.  Compl., Ex. C6;
Def.'s Mot. at 8 n.2; Declaration of Kevin I. Burge ("Burge
Decl.") ¶ 7, Ex. 4.  The AFHRA assigned Plaintiff's FOIA request
case number 2011-6483-F.  Compl., Ex. C6; Burge Decl. ¶ 7, Ex.
4.

Kevin Burge, an archivist at the AFHRA, processed
Plaintiff's request.  Burge Decl. ¶¶ 1, 7.  He searched AFHRA's
collections using an electronic indexing system known as IRIS
for any references to HAARP.  Burge Decl. ¶¶ 4, 7.  On September
7, 2011, the AFHRA advised Plaintiff that it did not have any

4

responsive records but enclosed the abstract of seven documents that mentioned HAARP.  Compl., Ex. C6; Burge Decl. ¶ 7, Ex. 4. The AFHRA advised Plaintiff that he had 60 days to appeal the decision.  Compl., Ex. C6; Burge Decl. ¶ 7, Ex. 4.  Plaintiff did not appeal this decision.  Burge Decl. ¶ 7.

**B.   Correspondence Relating to Other FOIA Requests**

Plaintiff's Complaint is explicitly limited to one FOIA request — the August 14, 2011 request referred to as "my request," and attached to the Complaint as Exhibit A.  Compl. at 1, Ex. A.  The Complaint also contains other attachments, most of which are correspondence from the Air Force regarding various FOIA requests.  Some of the correspondence, described above, clearly relates to the August 14, 2011 request identified in the Complaint.  Compl., Exs. C1, C5-7.  Other correspondence appears to relate to separate FOIA requests.  Compl., Exs. C, C2-4 (various letters from the Air Force to Plaintiff between 2010 and 2012 with FOIA request numbers separate from those assigned to the August 14, 2011 request).

At no point during this litigation has Plaintiff provided the Court with any FOIA request other than the August 14, 2011 request; no other requests are attached to the Complaint, nor does he identify or reference any other requests in his Opposition, his Motion to Release Paperwork, or his Motions to

Enter New Evidence.[2]  Likewise, Plaintiff does not discuss or explain any of the correspondence which appears to relate to other requests.  In light of the foregoing, the Court concludes that Plaintiff has not placed any requests but the August 14, 2011 request before the Court.

For the reasons explained above, and pursuant to the record before this Court, at issue are Defendant's two responses to Plaintiff's August 14, 2011 request: (1) the Kirtland AFB response (assigned FOIA case number 2011-6493-F and appeal number 2012-00009-A) and (2) the AFHRA response (assigned FOIA case number 2011-6483-F).

## II.  PROCEDURAL HISTORY

On August 20, 2012, Plaintiff filed his Complaint against Defendant.  In response, Defendant filed a Motion to Dismiss, or, in the alternative, for Summary Judgment on November 21, 2012.  Plaintiff filed his opposition to Defendant's motion on December 6, 2012, and Defendant filed its reply on December 18, 2012.

Plaintiff has also filed several motions, including a motion to release paper work, which appears to be a motion for the Air Force to provide discovery, as well as a number of

---

[2] In its Motion to Dismiss, Defendant references a November 2010 FOIA request from Plaintiff, but notes that "this case does not encompass [that] request."  Def.'s Mot. at 2 n.1.  The Court agrees.

requests that this Court enter evidence into the record.  *See,
e.g.*, Plaintiff's Motion to Release Paper Work and to Enter New
Evidence (Docket No. 10); Plaintiff's motions to enter new
evidence into the record (Docket Nos. 6, 13-16, 21).  The
motions are ripe for resolution by the Court.

## III.  STANDARD OF REVIEW

### A.   Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal courts have jurisdiction over FOIA cases "to enjoin
the agency from withholding agency records and to order the
production of any agency records improperly withheld from the
complainant."  5 U.S.C. § 552(a)(4)(B).  The court's authority
to provide a remedy and enjoin an agency is only invoked if the
agency has violated all three elements:  (1) improperly, (2)
withheld, (3) records.  *Kissinger v. Reporter Comm. for Freedom
of the Press*, 445 U.S. 136, 150 (1980).

### B.   Motion for Summary Judgment

The Court may grant a motion for summary judgment if the
pleadings, depositions, answers to interrogatories, and
admissions on file, together with affidavits or declarations,
show that there is no genuine issue of material fact and that
the moving party is entitled to judgment as a matter of law.
Fed. R. Civ. P. 56(c).  In a FOIA case, the burden of proof is
always on the agency to demonstrate that it has fully discharged

its obligations under the FOIA.  *See Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 n.3 (1989).

In response to a challenge to the adequacy of its search for requested records, "the agency may meet its burden by providing 'a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were searched.'"  *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 313-14 (D.C. Cir. 2003) (quoting *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999)).  In addition, "[a]ny factual assertions contained in affidavits and other attachments in support of motions for summary judgment are accepted as true unless the nonmoving party submits affidavits or other documentary evidence contradicting those assertions."  *Wilson v. Dep't of Transp.*, 730 F. Supp. 2d 140, 148 (D.D.C. 2010) (citing *Neal v. Kelly*, 963 F.2d 453, 456-57 (D.C. Cir. 1992)).

### C.  *Pro Se* Parties

A *pro se* plaintiff's complaint will be "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Partus*, 551 U.S. 89, 94 (2007).  However, "while . . . some procedural rules must give way because of the unique circumstance of incarceration," there is no requirement "that procedural rules in ordinary civil litigation should be

interpreted so as to excuse mistakes by those who proceed
without counsel." *McNeil v. United States*, 508 U.S. 106, 113
(1993) (internal citations omitted).

**IV.   ANALYSIS**

   **A.   Plaintiff's Motions to Enter New Evidence**

   Plaintiff has filed several requests to enter documents
into the record.  Specifically, he has provided the court with
(1) documents regarding weather modification; (2) additional
copies of documents attached to his Complaint and his Opposition
to Defendant's Motion to Dismiss or for Summary Judgment; (3)
"The Military's Pandora's Box" by Dr. Nick Begich and Jeanne
Manning; (4) documents he identifies as "DARPA budget
justification reports;" and (5) a document titled "Russian
parliament concerned about US plans to develop new Weapon."  See
Docket No. 6, Exs. D-D11; Docket No. 10; Docket No. 13, Exs. L-
L2; Docket No. 15, Exs. L-L2; Docket No. 14, Exs. D1-D4; Docket
No. 16, Exs. D1-D4; Docket No. 21.  The Court **GRANTS** Plaintiff's
motions to enter new evidence, which was considered by the Court
when evaluating Defendant's motion for summary judgment.

   **B.   Defendant's Motion to Dismiss, or, in the Alternative,
        for Summary Judgment**

   Defendant moves to dismiss Plaintiff's Complaint for lack
of subject matter jurisdiction or, in the alternative, moves for
summary judgment.  The Court will consider them in turn.

1.  <u>Subject Matter Jurisdiction</u>

Federal courts have jurisdiction over FOIA cases when an agency improperly withholds records.  *Kissinger*, 445 U.S. at 150.  Defendant argues this Court does not have jurisdiction over this case because Plaintiff did not request records.  Def.'s Mot. at 8.  Consequently, Defendant argues, it did not improperly withhold records.  *Id.*  Instead, Defendant alleges that Plaintiff asked questions regarding HAARP locations and the frequency of its testing.  *Id.*  Defendant claims that Plaintiff's request was improper because it is not required under the FOIA to answer questions.  *Id.; Zemansky v. E.P.A.*, 767 F.2d 569, 574 (9th Cir. 1985).  Therefore, Defendant argues that even though it responded to Plaintiff's improper request, the sufficiency of its response is not subject to judicial review because it did not have an obligation to answer Plaintiff's questions.  Def.'s Mot. at 8.

However, Defendant's response to Plaintiff's request and its denial of Plaintiff's subsequent appeal confers jurisdiction to the Court.  *Adams v. F.B.I.*, 572 F. Supp. 2d 65, 67 (D.D.C. 2008).  In *Adams*, the court rejected defendant's claim that the court lacked subject matter jurisdiction even though the plaintiff did not submit a proper FOIA request.  *Id.*  The plaintiff asked a question instead of requesting documents, the agency construed the question as a request for documents and

10

responded, and the plaintiff appealed its response.  *Id.*  The
agency denied the appeal and informed the plaintiff that he
could seek judicial review of the decision.  *Id.*  Upon filing
the lawsuit, the agency filed a motion to dismiss for lack of
subject matter jurisdiction.  *Id.*  The court held that the
agency's "denial of the request confers jurisdiction upon this
Court to review the lawfulness of its actions, including its
characterization of the request as improper" and denied the
motion.  *Id.*

Similar to *Adams*, Plaintiff allegedly made an improper FOIA
request by posing questions.  Def.'s Mot. at 6-7.  Defendant
responded and provided documents to Plaintiff.  Toth Decl. ¶ 5,
Ex. 4; *see also* Burge Decl. ¶ 7, Ex. 4.  As such, Defendant's
response to Plaintiff's request, and Plaintiff's claim that
Defendant is improperly withholding records due to their alleged
inadequate search, gives jurisdiction to the Court to rule on
the matter.

## 2.  Failure to Exhaust

A FOIA requester must exhaust administrative remedies
before seeking judicial review under the statute.  *See Banks v.
Lappin*, 539 F. Supp. 2d 228, 234-35 (D.D.C. 2008) ("If a
requester has not exhausted his administrative remedies prior to
the filing of a civil action, dismissal is appropriate under
Rule 12(b)(6) of the Federal Rules of Civil Procedure for

failure to state a claim upon which relief can be granted.");
*see also Wilbur v. C.I.A.*, 355 F.3d 675, 676 (D.C. Cir. 2004)
("'[E]xhaustion of administrative remedies is a mandatory
prerequisite to a lawsuit under FOIA'. . . ." (citations
omitted)).

A plaintiff exhausts administrative remedies when he
appeals an agency's response to his FOIA request, and the agency
fails to respond to the appeal within the appropriate time
limit, denies the appeal, or makes an adverse determination.  5
U.S.C. § 552(a)(6)(A)(i)-(ii); *See Hidalgo v. F.B.I.,* 344 F.3d
1256, 1259 (D.C. Cir. 2003).  The burden is on the plaintiff to
prove exhaustion of administrative remedies.  *Brown v. F.B.I.*,
793 F. Supp. 2d 368, 380 (D.D.C. 2011).  The Court may dismiss
challenges to unexhausted FOIA requests *sua sponte*.  *See, e.g.*,
*Nat'l Sec. Counselors v. C.I.A*, No. 12-284, 2013 U.S. Dist.
LEXIS 38815, at *56-57 n.13 (D.D.C Mar. 20, 2013) (citations
omitted).

Here, Plaintiff did not meet his burden in proving that he
exhausted all administrative remedies as to Defendant's AFHRA
response to his August 14, 2011 request.  Plaintiff did not
exhaust all administrative remedies because he did not appeal
Defendant's September 7, 2011 AFHRA response to his request.
Burge Decl. ¶ 7.  Specifically, Defendant's response states that
Plaintiff has 60 days to appeal the decision.  Compl., Ex. C6;

Burge Decl. ¶ 7, Ex. 4.  As such, Plaintiff's deadline was
November 6, 2011.  Although Plaintiff did file *an* appeal within
that time, it did not encompass AFHRA's response to his request.
Rather, the appeal letter refers only to case number 2011-06493-
F, the case number assigned by Kirkland AFB. Toth Decl. ¶ 5, Ex.
5.  It contains no reference to case number 2011-06483-F, the
case number assigned by AFHRA.

    Accordingly, Plaintiff's FOIA claims regarding Defendant's
September 7, 2011 AFHRA response must be **DISMISSED**.

### 3. Summary Judgment

    Summary judgment is appropriate when an agency details the
scope and method of the search conducted, there is no evidence
to the contrary, and there is no apparent inconsistency of
proof.  *See Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982).
Defendant's affidavit shows that it conducted a reasonable
search for the requested information, and Plaintiff does not
provide convincing evidence to the contrary.  Accordingly,
Defendant's motion for summary judgment is granted as to
Defendant's Kirtland AFB response to Plaintiff's August 14, 2011
request because its search was adequate and reasonable.

### i.  *Reasonableness of Defendant's Search*

    An agency meets its burden of establishing that it
reasonably searched for requested records by submitting a
"reasonably detailed affidavit" describing the method of the

search and declaring that the files searched were likely to
contain responsive documents. *Budik v. Dep't of Army*, 742 F.
Supp. 2d 20, 30 (D.D.C. 2010). A declaration that is detailed,
non-conclusory and in good faith can prove a defendant conducted
a reasonable search. *Weisberg v. Dep't of Justice*, 745 F.2d
1476, 1485 (D.C. Cir. 1984). At a minimum, a sufficient
affidavit describes "what records were searched, by whom, and
through what process." *Id.* at 30-31 (quoting *Steinberg,* 23 F.3d
at 552). In addition, agency declarations are presumed to be
made in good faith. *SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d
1197, 1200 (D.C. Cir. 1991).

Here, Defendant appropriately relies on the declaration of
Elizabeth A. Toth as coordinator and processor of FOIA requests.
*Id.* at 1201. (finding that an affidavit provided by a person in
charge of coordinating a search is appropriate). Ms. Toth is an
Alternate FOIA Manager at Kirtland AFB, whose duties include
"supporting and assisting the Primary FOIA Manager for the
installation with processing and responding to FOIA requests. .
. ." Toth Decl. ¶ 1. Ms. Toth's declaration states that
Defendant conducted a search at the Space Weather Center of
Excellence, Battle Space Environment, Space Vehicles
Directorate, Air Force Research Laboratory ("AFRL/RVBX"), the
organization which manages the HAARP. Toth Decl. ¶¶ 5, 7. The

AFRL/RVBX is "the organization most likely to have records responsive to the request." Toth Decl. ¶ 5.

The records were searched by Dr. Craig Selcher, the HAARP Program Manager who is "familiar with all aspects of the program including the location of the [HAARP] facility . . . ." Toth Decl. ¶ 7. Additionally, Defendant explains that Dr. Selcher searched the AFRL/RVBX records concerning the goals and scope of HAARP to determine if another HAARP facility was referenced. *Id.* Those records are relevant in determining if more than one HAARP facility exists because they "relate to the initial and ongoing planning for the program, the environmental impact studies conducted in connection with the program, and all construction in connection with the program." *Id.* Moreover, the files are in paper form and were searched "on a file by file basis." *Id.*

Based on the foregoing, the Court concludes that Defendant has satisfactorily demonstrated the reasonableness and adequacy of its search.

> ii. *Allegations of Bad Faith*

Once a defendant demonstrates the adequacy of its search, the burden is then on the plaintiff to provide sufficient evidence causing "substantial doubt" regarding the adequacy of that search. *Budik*, 742 F. Supp. 2d at 32 (citations omitted). Although the courts recognize that it is difficult for a FOIA

requester to show that a file exists when he or she has never seen it, an agency's search does not need to be perfect, just adequate. *See Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986). "[A]dequacy is measured by the reasonableness of the effort in light of the specific request." *Id.* Furthermore, declarations "cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc.*, 926 F.2d at 1200 (quoting *Ground Saucer Watch, Inc. v. C.I.A.*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

Plaintiff's opposition raises many allegations as to Defendant's bad faith in its search, but Plaintiff's allegations have no merit. Many of the allegations and evidence provided by Plaintiff do not speak to the issue before the Court, pursuant to Plaintiff's appeal: was Defendant's search adequate and reasonable under FOIA in determining if more than one HAARP facility exists? Compl. at 1; Toth Decl., Ex. 5.

Specifically, in his opposition, Plaintiff requests that the Court order Defendant to produce the processing forms for his requests to see if Defendant noted the search times on the forms. Pl.'s Opp'n at 1. He attaches processing forms from other agencies which do not indicate search times as an example of an agency's non-compliance. Pl.'s Opp'n, Exs. H1-H4. Processing forms from other agencies, however, do not speak to

the inadequacy of Defendant's search and therefore are irrelevant.

Next, Plaintiff attaches a document entitled "National Reconnaissance Office Review and Redaction Guide for Automatic Declassification of 25-Year-Old Information." Pl.'s Opp'n, Exs. F-F3. Plaintiff claims that the documents show different names assigned to files. Pl.'s Opp'n at 1. Although his opposition is not clear on this point, the Court will assume that Plaintiff claims Defendant did not search different names in various documents as search terms when conducting its search. Again, this document is a guide produced by the NRO and does not describe Defendant's naming procedures, and Plaintiff has not provided evidence showing its relevance.

Furthermore, an adequate search is determined on a case by case basis. *Davis v. Dep't of Justice,* 460 F.3d 92, 103 (D.C. Cir. 2006) ("[T]he adequacy of an agency's search is measured by a standard of reasonableness, and is dependent upon the circumstances of the case." (internal quotation marks and citation omitted)). In this case, after Plaintiff appealed, Defendant performed a second search that involved paper records. Toth Decl. ¶ 7. In Defendant's second search, Dr. Selcher, who is "familiar with all aspects of the [HAARP] program including the location of the facility," Toth Decl. ¶ 7, searched the records "for any reference to a [HAARP] facility other than the

17

one at Gakona, Alaska." *Id.*  It was reasonable for Defendant to

take a general approach in its search to find a reference to any

possible HAARP facility since Plaintiff claimed in his appeal

that more than one facility exists, Compl. at 1; Toth Decl., Ex.

5, and his original request specifically asked for information

regarding HAARP.  Compl., Ex. A; Toth Decl., Ex. 1.

Plaintiff also alleges that private contractors hold files

for Defendant and that it did not search the records of the

private contractors.  Pl.'s Opp'n at 1.  Plaintiff attaches a

document entitled "National Security Directive 42" to his

Opposition, which is a memorandum for "The Chief of Staff,

United States Air Force."  Pl.'s Opp'n, Exs. G1-G11.  The

subject of the memorandum is "National Policy for the Security

of National Security Telecommunications and Information

Systems."  *Id.*  Although this document does suggest that

government contractors exist, it does not show that Defendant

used private contractors in relation to the HAARP.  Even if

Defendant did use private contractors, those records are not

necessarily "agency records" and may not be subject to the

requirements of the FOIA.  *See Tax Analysts*, 492 U.S. at 144-45

(defining "agency records" as (1) created or obtained by an

agency, and (2) under the agency's control at the time of the

FOIA request).

Plaintiff also attaches documents concerning weather modification. Pl.'s Opp'n, Exs. D5-D11, I- I1, J-J2. Again, these documents do not show that Defendant's search was in bad faith or that there is more than one HAARP facility. Likewise, no other evidence in the record of this Court demonstrates the inadequacy of Defendant's search. *See generally* Docket Nos. 6, 13-16, 21.

Lastly, Plaintiff states in his opposition: "Whether you call the technology HAARP or Ionosphere research; they use the same technology. All locations of HAARP/Ionosphere facilities, devices and test dates should be released." Pl.'s Opp'n at 1. It appears that Plaintiff argues that Defendant's search for records should include any ionosphere facility, not just the HAARP facility. Defendant, on the other hand, argues that it was reasonable to limit its search to HAARP facilities only, because Plaintiff's request was limited to HAARP and did not suggest that he was searching for documents regarding ionosphere research facilities in general. Def.'s Mot. at 11.

Defendant is correct in its assertion that it was only obligated to conduct a search pursuant to Plaintiff's original request. Plaintiff was obligated to "reasonably describe" the records he sought. 5 U.S.C. § 552(a)(3)(A)(i). A reasonable description allows "the agency [ ] to determine precisely what records are being requested." *Kowalczyk*, 73 F.3d at 388

(quoting *Yeager v. Drug Enforcement Admin.*, 678 F.2d 315, 326 (D.C. Cir. 1982)).  Here, Plaintiff specifically asked for information concerning HAARP in his original request.  Compl., Ex. A.  His request never mentioned any other ionosphere research facility or documents generally regarding ionosphere facilities.  Compl., Ex. A.  Moreover, in his appeal letter to Defendant, Plaintiff disputed the existence of other HAARP facilities, specifically.  Toth Decl., Ex. 5.  Therefore, it is reasonable that Defendant limited its search to HAARP and did not expand it to include any ionosphere facility.

For the foregoing reasons, Plaintiff did not provide sufficient evidence to rebut Defendant's declaration or show that Defendant acted in bad faith.  Accordingly, summary judgment as to the adequacy of the Kirkland AFB's search for responsive records is **GRANTED** in the Defendant's favor.

## V.   CONCLUSION

For the above reasons, the Court orders the following: (1) Plaintiff's motions to enter new evidence into the record are **GRANTED**; (2) Defendant's Motion to Dismiss for lack of subject matter jurisdiction is **DENIED**; (3) Defendant's Motion for Summary Judgment is **GRANTED** with respect to Plaintiff's August 14, 2011 request to Kirtland AFB, only; (4) Plaintiff's complaint with respect to his August 14, 2011 request to AFHRA is **DISMISSED** for failure to exhaust administrative remedies; and

(5) Plaintiff's Motion to Release Paperwork is **DENIED** as moot.

An appropriate Order will accompany this Memorandum Opinion.


**Signed:**    **Emmet G. Sullivan**
               **United States District Judge**
               **July 9, 2013**